IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yun Jae Lee, Moon Sung Kim, and Jung Pyo Hong<br><br>                              Plaintiffs,<br>     v.<br><br>The Korea Central Daily News, Inc dba The Korea Daily New York and Joong-Ang Daily News California, Inc.<br><br>                            Defendants, | Index No. 18-CV-3799<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

Plaintiff, Yun Jae Lee, Moon Sung Kim and Jung Pyo Hong, on behalf of themselves, through their attorneys, for their First Amended Complaint against The Korea Central Daily News, Inc dba The Korea Daily New York and Joong-Ang Daily News California, Inc. ("Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.       This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiffs. During the course of their employment by Defendants, Plaintiffs regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants did pay Plaintiffs neither overtime compensation nor the spread of hours pays. Plaintiffs further allege that Defendants' failure to pay their wages is willful and intentional.

1

## THE PARTIES

2. Plaintiffs were at all times relevant hereto employees of Defendants.

3. Plaintiffs were at all times relevant hereto individual employed in the State of New York by Defendants.

4. Plaintiffs were at all times relevant hereto resided in the State of New York.

5. Plaintiffs were at all times relevant hereto non-exempt employees within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6. Plaintiffs are filing this FLSA claim as an individual action for themselves.

7. Plaintiffs regularly worked in excess of eight (8) hours per day and six (6) days per week.

8. Plaintiffs performed work for Defendants the said hour's work as an express condition of their continued employment.

9. Defendants paid Plaintiffs their worked hours for up to 48 hours per week.

10. When Plaintiffs worked over 48 hours per week, Defendants did not pay them for any of hours over 48 hours.

11. Also, when Plaintiff worked for less than 48 hours per week, Defendants did not pay them for any of hours less than 48.

12. Plaintiffs regularly worked more than 48 hours a week while employed by Defendants.

13. Plaintiffs performed manual labor for Defendants.

14. Plaintiffs were assigned to the said manual labor by Defendants.

15. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

17. Plaintiffs were required to report to work for Defendants at a certain time.

18. Plaintiffs could not set their own hours of work for Defendants.

19. Plaintiffs were not compensated at an overtime rate for hours worked in excess of forty (40) hours per week.

20. Defendants are and were at all relevant times hereto engaged in the business of Korean Language Newspaper Company.

21. Defendants are and were at all relevant times hereto engaged in the interstate commerce.

22. Defendants managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

23. Defendants participated in and approved of the unlawful pay practices of the business of The Korea Daily at Long Island, NY.

24. Defendants were involved in assigning work to Plaintiffs.

25. Defendants had the power and authority to discipline Plaintiffs.

26. Defendants exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiffs were paid.

27. Defendants hired Plaintiffs.

28. Defendants were in charge of paying employees.

29. Defendants told Plaintiffs where to work and when to work.

30. Defendants employed Plaintiffs to do work for them in the State of New York.

31. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

33. Defendants held Plaintiffs out as employees.

34. Defendants employed and paid Plaintiffs as their employees.

35. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

36. Defendants' failure to properly pay Plaintiffs for minimum and overtime wages was intentional and willful.

37. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

38. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

39. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

40. No exemption from overtime applies or applied to Plaintiffs when they worked or works more than 40 hours in a workweek for Defendants.

41. Defendants failed to pay Plaintiffs overtime premium for all hours worked in excess of 48 hours per workweek.

42. Defendants' failure to pay Plaintiffs at the proper overtime rate was intentional and willful.

43.     Defendant, The Korea Central Daily News, Inc., a subsidiary company of the other Defendant Joong-Ang Daily News California, Inc., is doing business as The Korea Daily New York at Long Island City, New York and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

44.     Upon information and belief, The Korea Central Daily News, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

45.     Defendant Joong-Ang Daily News California, Inc. is the mother company of the Korea Central Daily News, Inc. and a California-corporation as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

46.     Upon information and belief, Joong-Ang Daily News California, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

47.     Upon information and belief, both Defendants, at all relevant times, were and

are employers as defined by FLSA and NYLL.

### Yun Jae Lee

48. Plaintiff Yun Jae Lee was hired by Korea Daily in Seoul, Korea in 1988 and was transferred to the New York branch that is Defendant The Korea Central Daily News, Inc. in April of 2004.

49. During his employment for Defendants, Plaintiff Lee did typesetting, image transference and platemaking. He also took care of automated paper inserting machine and distribution of the newspaper.

50. For the period commencing on or about April 2004 until June 30, 2018, Plaintiff Yun Jae Lee regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

51. Lee regularly started his work from 6:30 p.m. and ended at 2:30 a.m. for 6 days per week. And he was paid 48 hours per week.

52. But Lee worked more than 8 hours on Wednesdays and Fridays to print special section of the newspaper. He often worked more hours to fill up other employee's vacancy. Lee worked for extra hours to fix Defendants' pressing machines when any problem occurred. Lee was not paid all these extra overtime hours at all.

53. Lee was provided 10 days of vacation per year, but he could only use 3 days per year because they were short-handed in the department.

### Moonsung Kim

54. Plaintiff Moonsung Kim started his employment with Defendants in 1999.

55. For the period commencing on or about 1999 until June 30, 2018, Plaintiff Moon Sung Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

56. Kim regularly and customarily started his work at 7:30 p.m. and ended at 3:30 a.m. He was paid 48 hours per week.

57. The company titled Kim as a manager of the printing department since 2011. Kim was required to attend weekly meetings every Monday. Kim usually ended his work at 3:30 ~6:00 a.m. and stayed in the office until 10 a.m. when the weekly meeting started. The weekly meeting usually lasted more than 2 hours. These meetings caused Kim to work for more than 16 hours on Mondays.

58. Kim worked as same as other employees even though he was called a manager.

59. Kim worked for more than 8 hours on Wednesdays and Fridays to print a special section of the newspaper. He often worked for more hours to fill up other employee's vacancy. Kim was required to stay and repair machines whenever any problem occurred in machines. Kim was not paid all these extra overtime hours at all.

60. Kim was able to use only 3 days of vacation out of 10 days per year because they were short-handed in the department.

### Jung Pyo Hong

61. Plaintiff Jung Pyo Hong was hired by Korea Daily in Seoul Korea in 1993 and was transferred to the New York branch who is defendant Korea Daily New York in April of 2004.

62. For the period commencing on or about April 19, 2004, until June 30, 2018, Plaintiff Jung Pyo Hong regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

63. Hong regularly and customarily started his work at 7:30 p.m. and ended at 3:30 a.m. He was paid 48 hours per week.

64. Hong worked for more than 8 hours a day on Wednesdays and Fridays to print a special section of the newspaper. He often worked for more hours to fill up other employee's vacancy. Hong was required to stay and repair machines whenever any problem occurred in machines. Hong was not paid all these extra overtime hours at all.

65. Hong was able to use only 3 days of vacation out of 10 days per year because they were short-handed in the department.

## JURISDICTION AND VENUE

66. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Overtime Wages

67. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

68. This count arises from Defendants' repeated violation of the Fair Labor

Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiffs for all hours worked.

69. Plaintiffs regularly worked more than 48 hours a week and were not paid their overtime wage properly.

70. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

71. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

72. Plaintiffs were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

73. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

74. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

75. Defendants' failure and refusal to pay overtime premium at a one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

76. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of NYLL - Overtime Wages

77. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

78. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

79. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

80. Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

81. Defendants failed to compensate Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual work weeks.

82. Defendants violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work

weeks.

83. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Spread of Hours

84. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) an extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

85. Plaintiffs regularly worked a "spread of hours" greater than ten (10) hours per day.

86. Defendants never paid any additional compensation for working a "spread of hours" exceeding ten (10) hours per day to Plaintiffs.

87. Defendants knowingly and willfully failed to pay Plaintiffs any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid spread of hours for all number of days he worked more than ten(10) hours worked in a day;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: July 20, 2018

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
ryan@RyanKimLaw.com