UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
YUN JAE LEE, *et al.*,

              Plaintiffs,

    -against-                          REPORT AND
                                      RECOMMENDATION
THE KOREA CENTRAL DAILY NEWS,
INC. doing business as THE KOREA DAILY      18 CV 3799 (ARR)(RML)
NEW YORK, *et al.*,

              Defendants.
--------------------------------------------------------X
LEVY, United States Magistrate Judge:

        Plaintiffs Yun Jae Lee, Moon Sung Kim ("Kim"), Jung Pyo Hong, Do Hee Ryu,

and Soo Rim Jang ("plaintiffs") move for leave to amend their Second Amended Complaint to

add two individual defendants: Jong Yook Bae and Chansik Cho.  Defendants move for leave to

file an amended answer asserting state law counterclaims against plaintiff Kim for breach of

fiduciary duty, theft and misappropriation of confidential and proprietary information, and

breach of a confidentiality and nondisclosure agreement.  For the reasons stated below, I

respectfully recommend that plaintiffs' motion to amend be denied and that defendants' motion

to add counterclaims be granted in part and denied in part.[1]

## PROCEDURAL BACKGROUND

        Plaintiffs commenced this action in June 2018, asserting claims under the Fair

Labor Standards Act, 29 U.S.C. § 201, *et. seq*., and the New York Labor Law ("NYLL").  (See

Complaint, dated June 29, 2018, Dkt. No. 1; see also First Amended Complaint, dated July 20,

---

[1]  Because the denial of a motion to amend is akin to a ruling on a dispositive matter, my
findings are issued as a Report and Recommendation, rather than a Memorandum and Order.
See Jean-Laurent v. Wilkerson, 461 F. App'x 18, 25 (2d Cir. 2012) (citing Williams v. Beemiller
Inc., 527 F.3d 259, 265 (2d Cir. 2008)).

2018, Dkt. No. 4; Second Amended Complaint, dated Nov. 12, 2018, Dkt. No. 12.)  On January 23, 2019, this case was certified as a collective action under 29 U.S.C. § 216(b).  (See Order, dated Jan. 23, 2019.)

According to the proposed Third Amended Complaint, Jong Yook Bae was the president of defendant The Korea Central Daily News, Inc. ("KCDN") "from about March 3, 2013, until December 3, 2017," and as such, "had full authority to fire plaintiffs and authority to control plaintiffs' work hours and pay."  (Proposed Third Amended Complaint, dated Apr. 22, 2021, Dkt. No. 35-1, ¶¶ 85-86.)  Plaintiffs further allege that Chansik Cho was the president of KCDN "from about December 4, 2017, until June 2018 or later," and as such "also had full authority to fire plaintiffs and authority to control plaintiffs' work hours and pay."  (Id. ¶¶ 87-88.)  Plaintiffs thus seek to amend their complaint to allege that "[b]oth Bae and Cho, at all relevant times, were employers [of plaintiffs], as defined by FLSA and NYLL."  (Id. ¶ 89.)

Plaintiff Kim allegedly was employed by defendants from 1999 until June 30, 2018.  (Id. ¶¶ 25-26.)  According to plaintiffs, "Kim regularly and customarily started his work at 7:30 p.m. or earlier and ended at 3:30 a.m. or later" and "was paid a fixed salary regardless of the actual number of hours he worked."  (Id. ¶ 27.)  Kim  maintains that in 2011, defendants gave him the title of manager of the printing department and required him to attend weekly meetings, but that he "worked the same hours and [did the same] type of work as the other printing department employees," and "Defendants merely labeled him as a 'manager' in order to not pay him overtime pay."  (Id. ¶¶ 28-29.)

Defendants seek to add counterclaims against Kim, alleging that as supervisor of the printing department, Kim knowingly and deliberately under-reported employees' hours in violation of his fiduciary duty to defendants.  (See Letter of Diane H. Lee, Esq., dated Apr. 22,

2021 ("Defs.' Ltr."), Dkt. No. 34.) They also seek to allege that, during his employment with defendants, Kim collected confidential corporate documents without defendants' knowledge or consent and forwarded them to his personal email account. (Id. at 2-3.) Finally, defendants seek to allege that Kim, as a manager and supervisor, signed an employment agreement obligating him not to disclose confidential or proprietary information received in the course of his employment. Nonetheless, according to defendants, Kim violated that agreement, as well as the rules in the Employee Handbook, by sharing defendants' confidential information with the other plaintiffs in this case. (Id. at 3-4, Exs. G, K, Dkt. No. 34-1.)

## DISCUSSION

### A.  Legal Standard Governing Motions to Amend

Rule 15(a) of the Federal Rules of Civil Procedure states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." FED. R. CIV. P. 15(a); see also Tocker v. Philip Morris Co., 470 F.3d 481, 491 (2d Cir. 2006); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). Leave to amend should be denied only upon a showing of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962). District courts are vested with broad discretion to grant or deny a motion to amend the pleadings. SCS Comm'n, Inc. v. Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004) (citing Foman, 371 U.S. at 182); see also Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998). In evaluating a proposed amended complaint, the court "may review that pleading for adequacy" which "is to be judged by the same standards as those governing the adequacy of a filed pleading" under Rule 12(b). Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Thus, in reviewing the proposed

3

amended pleading, the court must determine whether it contains sufficient facts, which if taken

as true, state claims for relief that are plausible on their face.  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "These

principles are as applicable to a defendant's motion to add counterclaims as they are to a

plaintiff's motion to add new claims."  Bacardi & Co. v. New York Lighter Co., No. 97 CV

7140, 1998 WL 827277, at *1 (E.D.N.Y. Nov. 2, 1998) (citations omitted).  I will address each

motion in turn.

      B.  Plaintiffs' Motion to Add Defendants

Plaintiffs seek leave to add Bae and Cho as defendants, on the ground that both

were their employers as defined by the FLSA and NYLL.  For an individual to be an employer

under the FLSA, that individual "must possess control over a company's actual 'operations' in a

manner that related to plaintiff[s'] employment," by impacting "workplace conditions and

operations, personnel, or compensation."[2]  Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir.

2013).  Nothing in the FLSA "requires an individual to have been personally complicit in FLSA

violations."  Id. at 110.  The "overarching concern is whether the alleged employer possessed the

power to control the workers in question, with an eye to the 'economic reality' presented by the

facts of each case."  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999).  An

allegation that a defendant "is an owner or officer of a company . . . is insufficient" by itself.

Irizarry, 722 F.3d at 109.  Rather, to determine if an individual is an employer, courts examine

the person's general "authority over management, supervision, and oversight" of a company's

---

[2] "[D]istrict courts in this Circuit have consistently interpreted the definition of 'employer'
under the New York Labor Law coextensively with the definition used by the FLSA."  Ho v.
Sim Enters. Inc., No. 11 CV 2855, 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014) (citing
Moon v. Kwon, 248 F. Supp.2d 201, 236 n. 17 (S.D.N.Y. 2002)).

4

affairs.  Id. at 111.  Specifically, courts look to "whether the alleged employer (1) had the power

to hire and fire the employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records."  Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984); accord

Qiang Weng v. HungryPanda US, Inc., No. 19 CV 11882, 2021 WL 1750305, at *4 (S.D.N.Y.

May 4, 2021).  Courts assess whether defendants have the requisite control on "a case-by-case

basis," based on "review of the totality of the circumstances."  Irizarry, 722 F.2d at 104.

Here, the proposed Third Amended Complaint contains very few specific

allegations about the authority either Bae or Cho exercised over the management, supervision,

and oversight of plaintiffs' workplace.  Plaintiffs do plead facts in support of the first Carter

factor: they allege that both Bae and Cho had "full authority to fire plaintiffs."  (Proposed Third

Am. Compl. ¶¶ 86, 88.)  But plaintiffs do not allege facts supporting any of the other Carter

factors. The closest they come is the allegation that Bae and Cho had the "authority to control

plaintiffs' work hours and pay" (id.), but that is too vague and ambiguous to support a finding

that they exercised significant control over employment and working conditions.  Courts have

consistently held that a complaint that merely alleges in conclusory terms that a defendant

performed the functions described in Carter is too general to survive a motion to dismiss under

Rule 12(b)(6).  See, e.g., Lin v. Dolar Shop Rest. Grp., LLC, No. 16 CV 247, 2021 WL 681075,

at *8 (E.D.N.Y. Feb. 22, 2021) (allegation that individual defendant exercised "sufficient

controls of [defendant business's] day-to-day operations to be considered an employer of

Plaintiffs" was "bereft of factual content" and thus a "legal conclusion couched as a factual

allegation"); Peng Bai v. Fu Xing Zhuo, No. 13 CV 5790, 2014 WL 2645119, at *4 (E.D.N.Y.

June 13, 2014) ("[A]llegations that [the defendant] had the power to hire, fire, set wages, set

work conditions, and maintain employment records" were "conclusory and inadequate to establish that [the defendant] was an employer."); <u>Bravo v. Established Burger One, LLC</u>, No. 12 CV 9044, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (dismissing claims where plaintiffs simply alleged "the elements of the 'economic reality test'" with "no specific facts" because "mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss"); <u>see also</u> <u>Huer Huang v. Shanghai City Corp.</u>, 459 F. Supp. 3d 580, 588-89 (S.D.N.Y. 2020); <u>Chui-Fan Kwan v. Sahara Dreams Co. II Inc.</u>, No. 17 CV 4058, 2018 WL 6655607, at *4 (S.D.N.Y. Dec. 19, 2018); <u>Serrano v. I. Hardware Distrib., Inc.</u>, No. 14 CV 2488, 2015 WL 4528170, at *2 (S.D.N.Y. July 27, 2015). I therefore conclude that plaintiffs have failed to adequately allege that either Bae or Cho was their "employer" under the FLSA or NYLL, and I respectfully recommend that their motion to amend the complaint as proposed be denied.

C. <u>Defendants' Motion to Add Counterclaims Against Kim</u>

As an initial matter, a motion to amend a pleading should include, at minimum, a memorandum of law and a proposed amended pleading. <u>See</u> Rules 6.1, 7.1(a) of the Local Rules for the Southern and Eastern Districts of New York; <u>Ackermann v. New York City Dep't of Info. Tech. & Telecomm'ns</u>, No. 09 CV 2436, 2010 WL 1172625, at *1 (E.D.N.Y. Mar. 24, 2010) (stating that "any motion to amend must attach the proposed amended [pleading] specifying the new claims and/or defendants she intends to add"); <u>Farber v. County of Suffolk</u>, No. 09 CV 3255, 2009 WL 4730204, at *3 (E.D.N.Y. Dec. 1, 2009) (denying motion to amend where moving party included neither a memorandum of law nor a proposed amended pleading). Although I gave defendants permission to file a letter motion, defendants have submitted a counsel letter devoid of any legal citations. (<u>See</u> Defs.' Ltr.) Thus, defendants' motion to add

6

counterclaims could be denied on this ground alone.  See Local Rule 7.1(a) (providing that "all motions . . . shall be supported by a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion").  However, defendants have filed a proposed answer with counterclaims (see Answer and Counterclaims, dated Dec. 30, 2020 ("Proposed Answer and Counterclaims"), Dkt. No. 22[3]), so I will address the merits of the motion.

Rule 13(a) of the Federal Rules of Civil Procedure defines a compulsory counterclaim as a claim that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claims; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  FED. R. CIV. P. 13(a).  Any counterclaim that is not compulsory is considered "permissive."  FED. R. CIV. P. 13(b).  "[N]o independent basis of federal jurisdiction is needed for the court to adjudicate the ancillary issues . . . raised [by a compulsory counterclaim], if the main claim . . . presents a colorable federal issue."  Markbreiter v. Feinberg, 09 CV 5573, 2010 WL 334887, at * 1 (S.D.N.Y. Jan. 29, 2010) (citing Scott v. Long Island Sav. Bank, F.S.B., 937 F.2d 738, 742 (2d Cir. 1991)).  By contrast, a permissive counterclaim is cognizable in federal court only if there is an independent basis of jurisdiction over it.  Id. (citing Harris v. Steinem, 571 F.2d 119, 122 (2d Cir. 1978)).  Whether a counterclaim is compulsory or permissive depends on whether the counterclaim arises "out of the transaction or occurrence" from which the opposing claim arises.  Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008) (quoting Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004)); see also Markbreiter, 2010 WL 334887, at *1 (noting that the distinction

---

[3]  Defendants actually filed their Answer and Counterclaims without motion practice or leave of court.  At a conference in April 2021, I deemed the filing withdrawn pending a decision on the motion to amend and set a briefing schedule.  (See Minute Entry, dated Apr. 1, 2021.)

between the two lies in the fact that a compulsory counterclaim must "arise[ ] out of the same transaction or occurrence that is the subject matter of the opposing party's claim").

Defendants do not contend that these proposed counterclaims are compulsory. Since they are permissive, and the court lacks an independent basis for exercising subject matter jurisdiction over permissive counterclaims based on state law, the court must determine whether the counterclaims fall within the court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(a), the federal court has supplemental jurisdiction over "all other claims" in a civil action where the claims are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See Jones, 358 F.3d at 213. Counterclaims based on state law are part of the same case or controversy when they share a "common nucleus of operative fact" with the plaintiffs' claims. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). As the Second Circuit has explained, a common nucleus of operative fact may be found where the "facts underlying the federal and state claims substantially overlap[ ] . . . or where presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000); see also Gibbs, 383 U.S. at 725; Padilla v. Clovis Roche, Inc., No. 07 CV 267, 2007 WL 4264582, at *3 (N.D.N.Y. Nov. 30, 2007).

A district court has discretion to decline to exercise supplemental jurisdiction over a "claim [that] substantially predominates over the claim or claims over which the district court has original jurisdiction," 28 U.S.C. § 1367(c)(2), "whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," Gibbs, 383 U.S. at 726. "State claims predominate over federal claims if, after 'looking to the nature of the claims as set forth in

8

the pleading[,] . . . the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims.'" Patel v. Baluchi's Indian Rest., No. 08 CV 9985, 2009 WL 2358620, at *5 (S.D.N.Y. July 30, 2009) (quoting In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab., 613 F. Supp. 2d 437, 442-43 (S.D.N.Y. 2009)). In exercising its discretion, the court must consider "the values articulated in [Gibbs]: [judicial] economy, convenience, fairness, and comity." Fixed Income Shares: Series M v. Citibank N.A., 130 F. Supp. 3d 842, 852 (S.D.N.Y. 2015) (quoting Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011)).

Numerous courts have declined to exercise supplemental jurisdiction over counterclaims involving an employee's misconduct when the only relationship between the plaintiff's FLSA claims and the state law counterclaims was the plaintiff's employment. See Chang v. Wang, No. 15 CV 4385, 2018 WL 1258801, at *5 (E.D.N.Y. Mar. 12, 2018); Zhang v. Akami Inc., 15 CV 4946, 2017 WL 4329723, at *10-11 (S.D.N.Y. Sept. 26, 2017); Anwar v. Stephens, No. 15 CV 4493, 2016 WL 4468090, at *4 (E.D.N.Y. Aug. 3, 2016); Mori v. El Asset Mgmt., Inc., 15 CV 1991, 2016 WL 859336, at *3 (S.D.N.Y. Jan. 28, 2016); Rivera v. Ndola Pharm. Corp., 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007); see also Wilhelm v. TLC Lawn Care, Inc., No. 07 CV 2465, 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008) (dismissing state law counterclaims where the defendant had not "identif[ied] a more specific factual connection" between the FLSA claim and its state law counterclaims, relying "solely on its employer-employee relationship with plaintiffs to support supplemental jurisdiction"). As the court in Wilhelm explained: "courts have rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and peripheral state law claims." Wilhelm, 2008 WL 640733, at *3 (citing Lyon v. Whisman, 45

F.3d 758, 762-64 (3d Cir. 1995)).  Nevertheless, in some instances, counterclaims in an FLSA

action present sufficient factual overlap to support a court's exercise of supplemental

jurisdiction.  In particular, courts look to whether the factual issues raised by the counterclaims

would necessarily be contested in the underlying suit.  See, e.g., Turban v. Bar Giacosa Corp., 19

CV 1138, 2019 WL 3495947 at *4 (S.D.N.Y. Aug. 1, 2019) (finding, despite the collective

nature of the lawsuit, that supplemental jurisdiction was justified over a counterclaim alleging

the named plaintiff had padded his hours, because "[t]he existence and accuracy of such [time]

records will be at issue in the litigation").

Accordingly, I will examine the facts underlying each proposed counterclaim to

determine whether they present a common nucleus of operative fact sufficient to justify the

exercise of supplemental jurisdiction.

1) Breach of Fiduciary Duty

Defendants seek to allege that Kim owed his employer a fiduciary duty, which he

breached by "falsely report[ing] the hours that he and the other Plaintiffs worked during the

relevant period of time to benefit himself."  (Proposed Answer and Counterclaims at 11, ¶¶ 1-2.)

The gravamen of this claim is that Kim used his position to report employee hours inaccurately,

causing defendants to suffer monetary harm in defending this lawsuit, as well as damage to their

reputation.  (Id. at 11, ¶¶ 2-5.))

The elements of a claim for breach of fiduciary duty are that a fiduciary

relationship existed, that the fiduciary knowingly breached a duty of trust and confidence

imposed by that relationship, and that damages resulted.  Catskill Dev., L.L.C. v. Park Place Ent.

Corp., 547 F.3d 115, 134 (2d Cir. 2008).  "New York law establishes that an employee-employer

relationship is fiduciary."  Fairfield Fin. Mortg. Grp., Inc. v. Luca, 584 F. Supp. 2d 479, 485

(E.D.N.Y. 2008).  To satisfy the breach element, defendants allege that Kim "acting on his own without authority or permission, falsely reported" his own and other employees' hours.[4] (Proposed Answer and Counterclaims at 11, ¶ 2.)

In this case, resolution of plaintiffs' FLSA overtime claims will require an inquiry into the accuracy of the employee time records, as well as defendants' affirmative defense that Kim was an exempt employee who was not entitled to overtime compensation.  (See id. at 11, ¶ 102).  To prove their counterclaim for breach of fiduciary duty, defendants will attempt to show that Kim intentionally falsified employee time records, that defendants were unaware of the under-reporting, that they relied on that fabrication, and that defendants suffered damages as a result.  All of these issues are intertwined with questions about Kim's work responsibilities and the actual hours plaintiffs worked, which will all be litigated as part of defendants' defense to plaintiffs' allegations regardless of whether this claim is added or not.

In short, this counterclaim for breach of fiduciary duty shares a common nucleus of operative fact with the claims already before the court.  See Turban, 2019 WL 3495947, at *4 (granting motion to add counterclaim for breach of fiduciary duty against one plaintiff who allegedly misreported the number of hours worked).  Accordingly, I respectfully recommend that defendants' motion to add this counterclaim against Kim be granted.

2) Theft of Confidential Information

---

[4] Defendants explain in their letter motion that these allegations are based on Kim's deposition testimony, in which he stated that he under-reported the hours that all of the plaintiffs worked under threat of termination if he refused to do so.  (Defs.' Ltr. at 2, Ex. D.)  Defendants deny that Kim was forced to under-report employee hours and claim that he did so of his own accord.  (Id. at 2.)

Defendants' second proposed counterclaim against Kim is for "theft and misappropriation of defendants' confidential and proprietary information and documents." (Proposed Answer and Counterclaims at 11-12, ¶¶ 6-10.)  According to defendants, "[s]tarting on or about June 18, 2018 and continuously thereafter, Plaintiff Kim, without the Defendants' knowledge and/or permission, purposefully and knowingly obtained" confidential and proprietary information "belonging to Defendant [The Korea Daily New York] by copying, forwarding to his own device, printing and storing in his own device" confidential and proprietary information "for his own use."  (Id. at 11-12, ¶¶ 7-8.)

To prove this counterclaim, defendants would have to establish a "significantly different sets of facts" involving misconduct by one plaintiff that have little to do with the other plaintiffs' wage and hour claims or defendants' exemption defense.  See Thomas v. EONY LLC, No. 13 CV 8512, 2015 WL 1809085, at *6 (S.D.N.Y. Apr. 21, 2015); see also Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc., No. 12 CV 2327, 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013) (dismissing counterclaims that would require "evidence and testimony completely superfluous to plaintiff's straight-forward wage claims").  Defendants' assertion that Kim stole confidential and proprietary documents involves, for the most part, "different underlying facts" than the relatively straightforward wage and hour claims at issue in this case. Bu v. Benenson, 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001); see also Thomas, 2015 WL 1809085, at *6 n.5 (explaining that "the potential for some slight factual overlap" between plaintiffs' FLSA claims and defendants' counterclaims is insufficient to "provide the necessary common nucleus of operative fact" required for the exercise of supplemental jurisdiction).

In short, prevailing on this counterclaim will require the introduction of evidence regarding the existence, quantity, and type of documents allegedly taken by Kim, a dispute that

shares no factual overlap with the number of hours plaintiffs worked or defendants' overtime pay practices. These allegations therefore do not share a common nucleus of operative fact sufficient to justify the court's exercise of supplemental jurisdiction. See Chang, 2018 WL 1258801, at *5 (dismissing counterclaim for theft against one plaintiff in FLSA case because the employment relationship is "insufficient to create a 'common nucleus of operative fact' where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims.") (quoting Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007)). I therefore recommend that defendants' motion to add this counterclaim be denied.

3) Breach of Confidentiality and Nondisclosure Agreement

Finally, defendants seek to assert a counterclaim against Kim for breach of a signed employment agreement, which contained a clause prohibiting Kim from disclosing defendants' confidential or proprietary information to third parties during his employment and for a period of five years following his termination. (Proposed Answer and Counterclaims at 12, ¶ 12; Defs.' Ltr. at 3-4, Ex. K, Dkt. No. 34-1.) Defendants claim that Kim violated that agreement by sharing confidential and proprietary information with the other plaintiffs in this case. (Defs.' Ltr. at 4.)

Again, the employment relationship is the only connection between plaintiffs' overtime claims and defendants' proposed counterclaim against Kim for breach of the confidentiality and nondisclosure agreement. Thus, the "values of judicial economy, convenience, fairness, and comity" do not counsel in favor of exercising supplemental jurisdiction over this counterclaim. Fixed Income Shares, 130 F. Supp. 3d at 852. To the contrary, entertaining defendants' largely unrelated state-law counterclaim for breach of the confidentiality and nondisclosure provision "would plainly" make this suit "more complex." Id.

13

at 853.  I therefore recommend that defendants' motion to add this counterclaim against Kim be denied.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiffs' motion to amend be denied, and that defendants' motion to add counterclaims against plaintiff Kim be granted as to the breach of fiduciary duty claim but denied as to the remaining counterclaims. Any objections to this report and recommendation must be filed electronically or with the Clerk of Court within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       October 18, 2021

14